Evidence does not sustain conviction of forgery of check, when record does not show that the check was introduced in evidence, described with any degree of certainty, or lost.

Commissioners' Decision.

Appeal from District Court, Hunt County; J. M. Melson, Judge.

William Stanford was convicted of forgery, and he appeals. Reversed and remanded.

B. Q. Evans, of Greenville, and Marvin P. McCoy, of Dallas, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BERRY, J. The offense charged is forgery, and the punishment assessed is two years in the penitentiary.

The indictment charges that the appellant made a false instrument in writing purporting to be the act of another, to wit, the act of Fred Raynor, and the said false instrument is set out in full in the indictment, and shows to be a check drawn against the Hunt County Bank & Trust Company, payable to William Stanford, for the sum of $11.50.

We have carefully examined the record in the case, and find that the facts fail to show that any check was introduced in evidence, and they further fail to describe with any degree of certainty the said check in controversy. It was essential in this case to introduce in evidence the check described in the indictment, there being no proof that the check was lost. Muniz v. State, 59 Tex. Cr. R. 365, 128 S. W. 1104; McBride v. State, 93 Tex. Cr. R. 257, 246 S. W. 394; Dovalina v. State, 14 Tex. App. 312. This the proof in the instant case wholly fails to do, and because of such failure the evidence is insufficient to sustain a conviction.

The judgment of the district court is therefore reversed, and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

## WARFIELD v. STATE. (No. 10334.)

(Court of Criminal Appeals of Texas. Oct. 20, 1926.)

**Homicide** ☜250.

Evidence held to sustain conviction of murder.

Appeal from District Court, Houston County; Ben F. Dent, Judge.

Chester Warfield was convicted of murder, and he appeals. Affirmed.

Adams & Adams, of Crockett, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in district court of Houston county of murder; punishment, 25 years in the penitentiary.

The only complaint in this record is of the insufficiency of the testimony. When the state rested, the appellant declined to introduce any testimony, and requested a peremptory instruction of not guilty, and took an exception to the court's refusal to grant such request.

Appellant was a married man, but seems to have been living for some time with deceased as her husband. On an occasion, about a year prior to this homicide, appellant found deceased in company with one Gilford, a negro man, and had a difficulty in which he cut both Gilford and deceased. After this affair he and deceased seemed to have made up, and continued to live together until this homicide. The killing occurred on Tuesday night. The record shows that on Sunday night before this killing deceased was at the house of one Albs about 10 o'clock at night, and appellant came to said place. After sitting awhile he went away, but later returned and tried to carry deceased away with him, caught hold of her, and began to pull her away, but she was pulling back. Albs testified that he made appellant turn deceased loose, that appellant had picked up a brush, and he (Albs) got an ax and started toward appellant, who pulled his knife out of his pocket, but that appellant turned deceased loose at said time. On the night of the homicide deceased and the man Gilford, above referred to, were at the house of Frank Marshall. The two of them were sitting on the porch about 10 o'clock at night, sitting, as Gilford testified, pretty close together, when a shotgun was fired by some one standing at the end of the porch. Gilford was struck by some of the shot and the woman was killed.

Testimony was to the effect that, immediately after the shooting, some one ran from where said shooting took place, north toward a gully or branch. Wads, such as are used in shotguns, were found at the end of the porch. Tracks were also found the next morning and followed to said gully, and then up the gully for some distance to a point where they went out. The same tracks were observed coming down the gully and going toward the house. A witness, who testified that he had had considerable experience in examining tracks, stated that' he measured said tracks, and also that he measured the boot of appellant, and that the measurements were identical. The tracking and measuring seemed to have been done the morning after the killing. Appellant was found at his brother's house, a two or three room place, and in the house was found a shotgun, one barrel of which had been freshly discharged; the wads found at the place of the shooting fitted this gun.

We are not able to say that this testimony is so slight as to make it appear that the verdict of the jury was the result of passion, prejudice, lack of consideration, etc. There is no suggestion that any one in the community had any enmity or ill will toward deceased, or any motive to assault the man Gilford, save and except appellant. There is no claim that the tracks did not correspond by measurement with the boots of appellant. There is no suggestion that the wad found at the scene of the killing did not fit the freshly discharged gun found by the officer at the place where appellant was the next morning. No attempt was made, by the introduction of his brother or any other witness, to cast any doubt upon appellant having had the gun. The case was submitted to the jury upon a charge apparently satisfactory to the accused, which embraced the theory of circumstantial evidence. We do not feel at liberty to disturb a verdict which seems to have the amount of testimony supporting the conclusion reached in the case before us.

Finding no error in the record, the judgment will be affirmed.